**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

September 30, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Lisa H. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-3111-DRM

Dear Counsel:

On September 19, 2025, Plaintiff Lisa H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case (ECF No. 8) and the parties' briefs (ECF Nos. 15, 17 and 18). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on December 20, 2022, and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 30, 2022, both alleging a disability onset of December 14, 2022, later amended to May 1, 2024. Tr. 15. Plaintiff's claims were denied initially and on reconsideration. Tr. 15. On April 22, 2025, an Administrative Law Judge ("ALJ") held a hearing. Tr. 15. Following the hearing, on May 21, 2025, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 301 et seq., during the relevant time frame. Tr. 25-26. The Appeals Council denied Plaintiff's request for review, Tr. 2-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this

process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 1, 2024, the alleged onset date." Tr. 17. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "adjustment disorder with mixed anxiety and depressed mood, Generalized Anxiety Disorder, Attention Deficit Hyperactivity Disorder (ADHD), and posttraumatic stress disorder (PTSD)." Tr. 18. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "congenital abnormality of kidney; minimal levoscoliosis; minimal thoracic degenerative disc disease; reversed cervical lordosis, and obesity." Tr. 18. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 18. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: She can understand, remember, and carry out simple instructions. She can make simple work-related decisions. She is able to interact occasionally with supervisors, coworkers, and the public. She can deal with changes in the work setting occasionally.

Tr. 20. At steps four and five, the ALJ determined that Plaintiff was able to perform past relevant work as a warehouse worker, Tr. 24, and that she also could perform other jobs that existed in significant numbers in the national economy such as cleaner II, housekeeping cleaner, and merchandise marker. Tr. 25. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 25-26.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff raises several arguments on appeal. This opinion focuses on one issue the court finds dispositive, requiring remand. Plaintiff argues that the ALJ's decision is "internally inconsistent on the specific issue of distractibility." ECF No. 15 at 11.

Specifically, Plaintiff highlights that in assessing as "moderate" Plaintiff's limitations in the mental functional area of understanding, remembering, or applying information,[1] the ALJ relied on a statement in the psychological evaluation report of Dr. Melissa Phillips: "Moreover, Dr. Phillips reported that [Plaintiff] 'has trouble with following simple instructions if she becomes distracted.'" Yet, Plaintiff notes, in assessing only a "mild" limitation in the mental functional area of concentration, persistence, or maintaining pace, the ALJ stated that "the record fails to show any mention of distractibility." ECF No. 15 at 11. Plaintiff argues that as a result, the RFC, which "contains no limitation addressing pace, persistence, staying on task, attendance, or the need for redirection," is not supported by substantial evidence because the ALJ did not build a logical bridge between the record evidence and his RFC finding. *Id.* at 10-11. Defendant counters that "substantial evidence supports the RFC finding" and "the ALJ sufficiently explained the RFC." ECF No. 17 at 6.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). As noted in *Dowling v. Comm'r of Soc. Sec. Admin.*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." 986 F.3d 377, 387 (4th Cir. 2021) (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

20 C.F.R. §§ 404.1520a & 416.920a, often referred to as the "special technique regulation," identify four broad areas of mental functioning, and set out a five-point scale with which the ALJ rates a claimant's degree of limitation in those functions: none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(2)-(4), 416.920a(c)(2)-(4). In evaluating the first of the four broad areas, "understand, remember, or apply information," the ALJ discussed Plaintiff's Adult Function Report, her self-reported limitations, and Dr. Phillips's May 2024 psychological evaluation of Plaintiff, including test results and Dr. Phillips' conclusions. Tr. 19. In particular the ALJ noted, "[m]oreover, Dr. Phillips reported that the claimant 'has trouble with following simple instructions if she becomes *distracted*,' confirming a functional impact that surpasses mild difficulty, particularly in situations requiring sustained attention or adaptation to new information." Tr. 19 (quoting Exhibit 5F) (emphasis added). This paragraph of the ALJ's decision, determining

[1] *See* 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).

that Plaintiff has a "moderate" limitation in this area, relied in significant part on Dr. Phillips's opinions. Tr. 19.[2]

When evaluating the third area of mental functioning, "concentrate, persist, or maintain pace," the ALJ again discussed Plaintiff's Adult Function Report, her self-reported limitations, and Dr. Phillips's May 2024 psychological evaluation of Plaintiff including test results and Dr. Phillips' conclusions. Tr. 20. Specifically, the ALJ noted, "Dr. Phillips' corroborates this by stating the claimant's attention and memory were 'mildly impaired' and that she completed the MMSE[3] with only slight difficulty." Tr. 20 (quoting Exhibit 5F). The ALJ concludes, "[a]dditionally, *the record fails to show any mention of distractibility* and an inability to complete testing that assesses concentration and attention." Tr. 20 (emphasis added). This paragraph of the ALJ's decision, determining that Plaintiff has a "mild" limitation in this area, again relied in significant part on Dr. Phillips's opinions and on this statement that the record contained no mention of distractibility. Tr. 20.

Dr. Phillips makes two direct references to Plaintiff's distraction or distractibility in the "Activities of Daily Living" section of her report, Exhibit 5F. Tr. 481-487. Under item 17, about difficulties with concentration and memory, Dr. Phillips states that Plaintiff "*gets distracted* when doing a task and 'will do something else if' she does not get tasks done right away." Tr. 485 (emphasis added). In response to item 18 about Plaintiff's "ability to understand and follow simple instructions independently," Dr. Phillips writes that Plaintiff "has trouble following simple instructions *if she becomes distracted*." Tr. 485 (emphasis added).[4] While the significance of these statements by Dr. Phillips is open to examination, their presence in the record is a fact. The ALJ misstated that fact in evaluating one functional area, and did so while accurately quoting and relying on one of the two references in evaluating another functional area. There may be a logical explanation of why the evidence of Plaintiff's distractibility supported findings of both a "moderate" limitation in understanding, remembering, or applying information, and a "mild" limitation in concentration, persistence and maintaining pace. But the Court cannot find that the

---

[2] This analysis, and the analysis discussed in the next paragraph, appear in the ALJ's discussion of whether Plaintiff's mental impairments meet or equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, in particular whether the "Paragraph B" criteria of the relevant listed impairments are satisfied. However, the ALJ later indicates that although "[t]he mental residual functional capacity assessment . . . requires a more detailed assessment of the areas of mental functioning," his "residual functional capacity assessment reflects the degree of limitation the [ALJ] has found in the 'paragraph B' mental function analysis.

[3] Mini-Mental Status Exam

[4] In addition to these direct references, Dr. Philips's "Impact of Symptoms" analysis touches on several areas reasonably implicated by distractibility: "[Plaintiff's] *attention, concentration*, and memory *were mildly impaired*. Her adaptability and *persistence were low*. . . . [Plaintiff] is *likely to have moderate difficulty with* consistently managing workplace stressors and *meeting workload demands*." Tr. 486 (emphasis added.)

ALJ has provided an adequate explanation, in light of the apparent misstatement of the record and apparently contradictory statements within the same section of the decision. As such, the RFC finding defies appellate review and remand is appropriate. *See Davis v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-2699, 2016 WL 3814929, at *2-3 (D. Md. July 12, 2016) ("The ALJ thus misstates the evidence in asserting that Dr. Scotto's notes 'revealed normal findings except for a depressed effect.' In light of this confusion, the ALJ's evaluation of medical evidence defies appellate review, and remand is appropriate….").

Because the case is being remanded on the foregoing grounds, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge